**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Lance Cunningham,           )
                            )
       Petitioner,         ) Case No. 1:06-CR-002
                            )
vs.                         )
                            )
United States of America,   )
                            )
       Respondent.         )

O R D E R

Petitioner Lance Cunningham is a federal prisoner currently serving a 195-month sentence for being a felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). At the time of sentencing in August 2006, Petitioner was determined to be subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he had three prior convictions for "violent felonies."  Petitioner has now filed a motion to vacate, set aside or correct sentence  arguing (Doc. No. 33) arguing that his sentence under the ACCA is now invalid in light of the U.S. Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

Citing United States v. Sanders, 470 F.3d 616, 622 (6th Cir. 2011), Petitioner contends that his prior convictions for aggravated robbery only qualify as violent felonies under the residual clause of the ACCA, and that since Johnson invalidated the residual clause, he is entitled to be re-sentenced. While the Sanders Court did hold that aggravated robbery is a violent felony under the residual clause, see id., the Court did not preclude the possibility that aggravated robbery might qualify because it "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18

1

U.S.C. § 924(e)(2)(B)(I).

In this case, the Petitioner had aggravated robbery convictions in Ohio in 1979 (PSR ¶¶ 30-31) and in 1990 (PSR ¶ 33). At the relevant times, Ohio's aggravated robbery statute stated:

> (A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:
>
> (1) Have a deadly weapon or dangerous ordinance as defined in section 2923.11 of the Revised Code on or about his person or under his control:
>
> (2) Inflict, or attempt to inflict serious physical harm on another.

Ohio Rev. Code § 2911.01; State v. Meek, 372 N.E.2d 341, 342 (Ohio 1978); State v. Wiseman, No. 88AP-1012, 1989 WL 83570, at *1 (Ohio Ct. App. July 18, 1989). A violation of § 2911.01(A)(1) does not require the use or threatened use of force, State v. Washington, 457 N.E.2d 369, 371 (Ohio Ct. App. 1983), but a violation of § 2911.01(A)(2) does require the use of force. Id. Therefore, a conviction under § 2911.01(A)(2) would constitute a violent felony under the ACCA because it has as an element the use of force.

Ohio's aggravated robbery statute is divisible, i.e., there are alternative ways to commit the offense. United States v. Covington, 738 F.3d 759, 764 (6th Cir. 2014). If the statute is divisible, the court may examine a limited set of documents to determine whether the prior conviction is a violent felony under the ACCA. United States v. Mitchell, 743 F.3d 1054, 1063 (6th Cir. 2014). The documents the court may review include "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id. (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

2

In this case, the Shepard documents submitted by the government show that Petitioner's 1990 aggravated robbery convictions were under § 2911.01(A)(1). Doc. No. 39-1, at 19-23. Since § 2911.01(A)(1) does not require the use or threatened use of force, these prior convictions are not chargeable to Petitioner as "violent felonies." The Shepard documents relevant to Petitioner's 1979 aggravated robbery conviction are less clear. Doc. No. 39-1, at 3-6. They simply indicate that Petitioner was charged and convicted of aggravated robbery under § 2911.01 "without a gun." The documents do not indicate which subsection of § 2911.01 applied to this conviction. The government, however, concedes that this conviction should no longer count as an ACCA violent felony. The Court also agrees that the Shepard documents fail to establish that this conviction qualifies as a violent felony.

Thus, the Court's review of the Shepard documents shows that Petitioner has at most only one prior conviction for a violent felony. Accordingly, Petitioner is entitled to relief from the ACCA's mandatory minimum sentence.

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to vacate, set aside or correct sentence **(**Doc. No. 33) is well-taken and is **GRANTED.**

2. The Probation Department is ordered to prepare a supplement to the presentence investigation report which shall include a revised advisory Sentencing Guidelines calculation, a review of Petitioner's prison disciplinary record, and a recommended sentence.

3. This matter will be scheduled for a re-sentencing hearing at an appropriate time.

Date July 5, 2016                                       s/Sandra S. Beckwith
                                                  Sandra S. Beckwith
                                      Senior United States District Judge